Your Honor, this is the first case of the morning. Call of 208-471. People of the State of Illinois v. Torino Maldonado. On behalf of the appellant, Ms. Yasmina Eakin. Good morning. May it please the Court, my name is Yasmin Eakin and I represent the appellant Torino Maldonado in this case. The issue we raise here, Your Honor, concerns how to construe two conflicting acts of the aggravated DUI statute that arose when multiple public acts amending that statute were passed by the legislature in 2005 and 2006. And specifically, the two acts at issue here are Public Act 94-114, which provides that a sixth or subsequent DUI offense is a Class X felony, and that's the one that created the offense from which Mr. Maldonado was charged. And then Public Act 94-116, which was passed five days later and made a fifth or subsequent DUI offense a Class I felony. And so these two acts conflict with each other because they provide different felony classifications and penalties for the exact same offense of committing a sixth or subsequent DUI. It is this conflict that makes this case different from the implying repeal by omission arguments that this Court has addressed previously in People v. Proudy and People v. Maldonado. Because in those cases, the defendant's arguments were that two public acts conflicted because one act amended the DUI statute, but a second subsequent act didn't include that amendment. And the defendants had argued that by not including the amendment, the latter act implicitly repealed the previous one. But this Court found that in those cases, because the amendments made separate and distinct changes to the vehicle code, they could be given effect without being inconsistent with the subsequent act that omitted those amendments. Now here, on the other hand, the argument is not that there's a conflict because an amendment was omitted from a subsequent act. The conflict is based on an inconsistency apparent on the face of the acts. Additionally, the two acts did not make separate and distinct changes to the act because both shared the same purpose of enhancing the penalty for committing a sixth or subsequent DUI. But because each act provides a different classification and sentence for the exact same offense, they cannot both operate and be given effect, and therefore they're irreconcilably conflicting. But now the State argues, though, don't they, that they can be reconciled and effect can be given to both because 94-116 makes the fifth DUI a Class I and 114 makes the sixth DUI a Class X. Why isn't that position correct? Because that position isn't correct because the act that makes a fifth DUI, the language is a fifth or subsequent. The legislature specifically included that a fifth or subsequent DUI offense would be a Class I felony. So fifth or subsequent necessarily includes the sixth DUI, which is also at the exact same time classified as a Class X felony. So the State in their reply brief ignores that language in the statute. They do. You would have to basically render that language meaningless, which contradicts statutory construction principles. Isn't the language that says fifth and subsequent, that subsequent is general because it relates to more than one possibility, meaning 6th, 7th, or 5 plus X number of offenses, whereas the one that defines the sixth offense is specific. And therefore, the specific prevails over the general. Your Honor, both of them are sixth or subsequent DUI offenses, or subsequent languages in both. I thought one was fifth or subsequent and then the other one was sixth. No, both of them are fifth or subsequent or sixth or subsequent. That's what I thought I just said. One said five and the other one said six. Right. But because the fifth or subsequent includes the sixth that Mr. Maldonado here was convicted of, there's an apparent conflict between the two. And because there is this irreconcilable conflict where at one time Mr. Maldonado was subject to both a Class I and a Class X felony, this falls squarely within the exception to the statute on statutes regarding irreconcilably conflicting statutes. And so that exception provides that when you have an irreconcilable conflict of two acts that relate to the same subject matter, the last act acted upon by the General Assembly is controlling to the extent of such conflict. Is the issue not so much whether they're in conflict but whether they're irreconcilable? I would say that both are present. Both are present. That both, they are both in conflict and they are both irreconcilable. Well, what if we looked at 94-114 as treatment only of sixth and subsequent offenses? I mean, wouldn't that be a way to reconcile these? That the language there only applies to a sixth DUI and whatever comes after? So in other words, the fifth would, even though it says subsequent, it would have to be limited because there's another statute that starts with sixth. You see what I'm saying? To do that, though, you would still have to read out the or subsequent in the fifth because the or subsequent with the fifth necessarily includes the sixth. So you would still have to read out that language and that act was passed actually five days after the act defining sixth or subsequent. On 94-116, which defines it as fifth or subsequent, you would have to read out that language. If read together, you limit it to fifth. Then you would be basically reading that as only applying to fifth and the other one is sixth or subsequent. So you would still be reading out that language. When you do apply the statute on statutes to this conflict, then technically by date, the last passed act that applied to Mr. Maldonado's case was Public Act 94-963. But that act simply included its amendment, which was establishing a DUI police officer education and training fund in the previous seven public acts, including the ones that are at issue here, 114 and 116. But those remained inconsistent and unreconciled. So here really the last act passed is the one before Public Act 963, which is 94-609 as amended by 94-963 because both 609 and 963 were enacted after 114 and 116, which are at issue here. Now 94-609 provides that a person who committed three or more DUI violations was guilty of a class four felony aggravated driving under the influence. That's the provision that would be applied to Mr. Maldonado. And since under the statute of statutes that is the act to apply here, his conviction should be reduced to a class four felony and he should be sentenced within that class four felony range. Could he get an extended term? Based on his priors? Yeah. Class four felony has extended term provisions. It's three to, what is it, two to five or four to ten? I can't remember. It's one to three and three to six. Thank you. And what was his sentence? His sentence was 20 years. Okay. But could he be, based upon your argument, could he be sentenced for an extended term? Based on his prior convictions? Offhand, I don't know. I'd have to say I don't know, Your Honor. I'm sorry. Before these amendments, what was he subject to? It would have been a class four felony before these amendments. So it was a class four, was a five, was the fifth DUI a class four as well? Yes, that would be, before the amendment, that would be my recollection. Because it was, excuse me, it was three or more at that point, yes. It was three or more would have been a class four felony and that would have included the fifth or the sixth.  Does the fact that apparently when these matters were being considered by the legislature, there was some significant debate and, well, not debate, but floor comment on 114, which was the more significant sixth or subsequent. And when the second act, 116, was passed, there was no comment whatsoever. Is there, you know, there's some argument I think that you have asked us to consider that they did want to back off on the sixth or more and go back to the fifth or more. But if they didn't even talk about it, why should we consider that? Well, first of all, I would say that because on its face these statutes are conflicting, just right on its face, we don't even need to go to legislative intent. The statute on statute applies and that's separate from going deeper into legislative intent. It just applies and it gives you the directive of how to deal with these type of conflicting statutes. It tells you how to proceed. But if you're, in terms of the legislative debate, I did point out that, first of all, one of the offense that they were talking about, the sponsor of the bill, described an incident which happened where there was also a death involved by a repeat offender. And there was also some concern about the financial impact that enhancing the penalty so high would cause on the Department of Corrections. And at that point they were uncertain as to that financial impact. Now, you're correct that there was no debate when five days later they reduced a 6 DUI to a Class I felony. But I will say that at the third reading there is a comment by, I think, the sponsor of the bill. And she indicates that basically the reason for this bill is so people who continually are convicted of driving under the influence have stiffer penalties. And so it's the same purpose that was debated more extensively, certainly, with the first act. But, again, the statute directs that when there's an irreconcilable conflict of two acts that relate to the same subject matter, these enhancements for the repeat DUI offender involve the same purpose of, again, raising the penalty for six or more. And so I don't know, in terms of that the debate was more extensive, I don't see that as really changing or reconciling, that it can be used to reconcile these two acts. All right. Then the next question, if these two are on their face, they're in conflict, why can't we just simply say that the last in time, which would be 1-16, although it's the lesser penalty, is the one that controls? You know, my argument follows the statute on statutes. Right. And so the general principles, it just says the last acted upon is determined by reference to the final legislative actions by either the House or the General Assembly. So, you know, my argument is that this 963 and 609 came after these two acts that are in conflict, and therefore those are the ones that- But 963, I think in particular, didn't even talk about penalty. One of the two didn't talk about penalty because it was just talking about- 963, right. Okay, how the fees and fines should be allocated among jurisdictions or things. So it's not even talking about the same issue. Right, but 609 did. And 609 restated-the text of 609 basically restated the aggravated DUI statute and said-and provided that it was-a third or subsequent act was a class 4 felony. You know, that is my reading of the statute on statutes. But I would say this, that the rule-if-you know, clearly there's ambiguity here. This is not one where there's clear legislative intent. So because of the ambiguity, the rule of lenity would still apply here, you know, because especially in the cases of where it's particularly applicable where a criminal statute operates as an enhancement provision. And so based on that ambiguity, at the very least I would say yes, that if you construe the last act as being 94-116 making it a class 1, the rule of lenity in this case would provide that that would be the act to apply to Mr. Maldonado's case. Which takes precedent? Attempting to glean the intent of the legislature or a lenity? I don't think either takes precedent in the sense that if the intent is not clear- Which one? Which one is subordinated to the other? I think you start with trying to discern the intent of the legislature, but if it's not clear, then you apply the rule of lenity. If the statutes are ambiguous, then you apply the rule of lenity. Go ahead. If there are no further questions, Your Honor. Thank you very much. Thank you. The court will take the matter under advisement and render a decision in due course. We stand in brief recess.